JANE C. PURSLOW v. HENRY BRUNE.

FRAUD, *Actual or Constructive, Not Shown.* Where a guardian omits by mistake or inadvertence from his accounts filed in the probate court a small amount which he has collected for his ward, but it appears that such omission was not made with the intention of defrauding or injuring his ward, and the guardian gains no pecuniary advantage thereby, as the sum omitted is shown to have been used for the benefit of the ward, *held*, that such omission establishes no actual or constructive fraud.

*Error from Atchison District Court.*

THE opinion states the case. Judgment for defendant *Brune*, at the February term, 1887. The plaintiff *Purslow* brings the case here.

*J. T. Allensworth*, for plaintiff in error.

*S. H. Glenn*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 1, 1863, Henry Brune was married to the widow of Richard Key, deceased. She was the mother of five children. The plaintiff, Jane C. Purslow, *née* Key, was her daughter. At the second marriage of her mother she was about four years of age. Her father had died in the military service of the United States, and his children were entitled to a pension. On August 29, 1866, Henry Brune was appointed her guardian. The amount of pension-money which he received for the plaintiff was $834.95. She became of age on April 29, 1877. On May 28, 1877, Henry Brune made and filed his final settlement with the probate court, showing a balance in his hands belonging to his ward of $926. This settlement was confirmed by the court. The defendant took a receipt from the plaintiff, and was discharged as guardian. On the 9th day of April, 1886, the plaintiff brought this action, to recover $265.86 of pension-money which she alleged that the defendant, with the intention of defrauding

her, had fraudulently omitted to account for to the probate court or to herself. The trial was had before the court without a jury; and among other things the court specially found that—

"The defendant is a German, not well versed in the English language, and all of said settlements, except the last two, appear to be in the handwriting of the incumbents of the office of the probate court. But the settlement of March 27, 1877, is in the handwriting of S. H. Glenn, an attorney at law, and that of May 28, 1877, is in the handwriting of John M. Price, an attorney at law. The defendant kept a memorandum-book — now lost — of his receipts and expenditures, and he had the book present when the settlements were made; the persons making out the settlements had the use of the book to aid them in making them out; that the testimony does not show the shortage of $90 in the pension-money in the settlement on January 6, 1875, was the result of a design on the part of the defendant to cheat or defraud his wards, nor any of them, but the evidence tends rather to show that the item of September, 1873, $60, and March, 1874, $30, were omitted by mistake or inadvertence; and the testimony does not show any fraudulent misrepresentations of the defendant to the plaintiff, nor to the probate court, outside of the omission of the defendant to charge himself with said sum of $90."

The court further found that $10 of the pension-money was probably paid to John M. Price for legal services, and that there were also two little discrepancies in the accounts, amounting to twenty-six cents, and three cents. Judgment was rendered in favor of the plaintiff and against the defendant; and of this, complaint is made.

The petition shows upon its face that plaintiff's claim is barred by the statute of limitations, unless the defendant was guilty of fraud. The final settlement in the probate court, as before stated, was on May 28, 1877, and this action was not brought until the 9th of April, 1886, nearly nine years after the plaintiff became of age. The findings show, however, that the plaintiff did not know of any omission or error in the accounts of her guardian until about the commencement of this action. The statute of limitations bars her claim, unless the defendant was guilty of actual, constructive, or some other

kind of fraud. Without doubt, if the plaintiff had brought her action in time, she could have recovered for omission, accident or mistake, if defendant had not filed a set-off. But giving "fraud" its widest definition, we cannot see upon the findings of fact or the testimony that any fraud upon the part of the defendant has been established. He was not guilty of any cunning, deception, or artifice, used to circumvent or cheat the plaintiff; and it does not appear to us that the omission in the account was injurious to the plaintiff, nor did the defendant gain pecuniary advantage over the plaintiff by unfair means. If there had been no mistake or omission in the accounts, it is clearly evident that the probate court would have allowed the additional sum, or the sum omitted to be applied for education, clothing, and support of the plaintiff. The defendant testified that he claimed all the pension-money for the support of his ward. The amount which he accounted for was all applied that way with the consent of the probate court, and if the additional $90 or other sums had been reported, it would also have been charged to the ward in the same way. The plaintiff continued to reside, from the time of the marriage of her mother with the defendant, at the home of the defendant, until October 15, 1878, more than a year after she was of age. During her minority she attended school part of the time, and took some lessons in music. She was treated as a member of the family, and it must be apparent that the amount of the pension-money reported was not sufficient to board, clothe and educate her. Again, the defendant never charged anything whatever for his time, trouble or service as guardian. The defendant not only testified that he claimed the pension-money not reported for the support of his ward, but it is apparent that he expended a greater amount for her support, clothing, etc., than all the pension-money received by him.

The findings of the court show that the omission of the $90 and the other little sums was wholly unintentional; and as nine years have elapsed since the final settlement was made with the probate court, and no fraud established or actual wrong done, the plaintiff cannot recover. If there were any mere

irregularities in the allowance of the charges for board, cloth-ing, etc., by the probate court, these matters cannot be re-viewed or corrected in this action.

The judgment of the district court will be affirmed.

All the Justices concurring.